**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**

STANLEY WILLMS and JOYCE WILLMS,
a marital community,

                Plaintiffs,

v.

GEORGIA-PACIFIC, Inc.,

                Defendant.

**Case No.** CR-05-5754 JKA

**MINUTE ORDER**
**Re:  Docket #13**

The following minute order is made by the direction of the court, the Honorable J. Kelley Arnold:

The court has received the parties' proposed stipulated protective order (Dkt. #13). For the reasons stated below, the court DECLINES to enter the proposed stipulated order.

Litigants routinely enter agreements regarding the confidentiality of documents they exchange during discovery. This court encourages such agreements, as they are often helpful in conducting discovery efficiently and without the intervention of the court. The courts endorsement of such an agreement, however, however, is governed by Fed.R.Civ.P. 26(c).

Fed.R.Civ.P.26(c) governs the court's power to enter protective orders. The rule requires the moving party to show "good cause" before the court enters a protective order. A stipulated "blanket" protective order, as proposed in this instance, is insufficiently specific to permit the court to determine if any party has met the requirements of the rule. It also places discretion with the parties, rather than with the court. Additionally, such "blanket" orders often exceed the scope of Rule 26(c). The court encourages, the parties to arrive at their own agreements for the exchange of discovery, but declines to convert such agreements into an order of the

ORDER
Page - 1

court.[1]

The parties proposed protective order does not appear to authorize the sealing of documents that they file with this court. Because of the reference to documents "under seal" in paragraph 3(a) of the proposed stipulated order, the court would call this related matter to the parties attention. As stated in Local Rules W.D. Wash. CR 5(g), "[t]here is a strong presumption of public access to the court's files and records which may be overcome only on a compelling showing that the public's right of access is outweighed by the interests of the public and the parties in protecting files, records, or documents from public view." "A clear statement of the facts" is required to justify the sealing and overcome the public access presumption. Local Rule 5(g) sets forth the procedure for filing a motion to seal documents filed with the court. This procedure is the sole means by which a party may seal a document in a civil case before this court. A party may not seal a document without concurrently filing a motion to seal the document. [2]

**The Stipulated Protective Order (Dkt.#13) will remain lodged in the file, but will not be entered.**

Entered this 23rd day of August, 2006.

BRUCE RIFKIN, Clerk

By */s/ Kelly Miller*

Deputy Clerk

---

[1] In the absence of such an agreement, it may be necessary during the course of litigation to move for a contested protective order. When the court reviews such a motion, it will consider the reasonableness of a party's refusal to enter into an agreement when it determines whether to award attorneys' fees and sanctions under Fed.R.Civ.P.37(a)(4).

[2] When using the Western District of Washington's electronic filing system ("CM-ECF"), a party may unilaterally seal a document while awaiting the court's ruling on a motion to seal it.

ORDER
Page - 2