**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**

STANLEY WILLMS and JOYCE WILLMS, a marital community,

        Plaintiffs,

v.

GEORGIA-PACIFIC CORPORATION, a Georgia corporation,

        Defendant.

**Case No.** C05-5754 JKA

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

This matter comes before the Court on defendant Georgia Pacific Corporation's Motion for Summary Judgment (Doc#18). The court has considered all materials submitted in support of and in response to said motion and heard oral argument March 27, 2007. The matter is scheduled for a bench trial commencing May 1, 2007.

This action arises out of the termination of plaintiff's employment with defendant. Plaintiff worked for defendant for a period of 34 years. He was 52 years old on the date of his termination, October 30, 2002. This suit was filed October 25, 2005 in the Superior Court of the State of Washington in and for Thurston County. Plaintiff seeks relief under state causes action for age discrimination and disparate treatment. It was removed to this court November 22, 2005 based on diversity and plaintiff's claim exceeding $75,000.

Defendant seeks entry of Summary Judgment in its favor pursuant to Fed.R.Civ.P. 56. The parties agree that <u>McDonnell Douglas Corp. v. Green</u>, 411 U.S.792(1973) establishes the shifting burdens and the parties' responsibilities thereunder. In this case plaintiff clearly establishes that he is in the protected age class, and that he was terminated from his employment while in that age class. He alleges that he was performing

his job in a satisfactory manner. The burden then shifts to the defendant to articulate a legitimate non-discriminatory reason for the termination. If the court is satisfied that defendant has met its burden, the plaintiff then has to provide sufficient evidence that the proffered reason is pretextual. Rarely has this court seen a case with so much evidence to support a legitimate non-discriminatory reason and so little evidence to support the argument of pretext.

Plaintiff filed this matter five days before the expiration of the statute of limitations. The only act alleged within the statute of limitations is his termination on October 30, 2002. Both parties agree however, that the incidents leading up to plaintiff's termination are relevant to place the termination in context.

## SUMMARY JUDGMENT

### GENERAL LEGAL STANDARD

Summary judgment shall be rendered if the pleadings, exhibits, and affidavits show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). In deciding whether to grant summary judgment, the court must view the record in the light most favorable to the nonmoving party and must indulge all inferences favorable to that party. Fed.R.Civ.P. 56(c) and (e). When a motion for summary judgment is made and supported as provided in Fed.R.Civ.P. 56, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in Rule 56, must set forth specific facts showing that there is a genuine issue for trial. Fed.R.Civ.P. 56(e). If the nonmoving party does not so respond, summary judgment, if appropriate, shall be rendered against that party. Id.

### AGE DISCRIMINATION

The Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621 *et seq.*, makes it "unlawful for an employer ... to fail or refuse to hire or to discharge any individual [who is at least 40 years of age] ... because of such individual's age." 29 U.S.C. at §§ 623(a), 631(a). To establish a violation of ADEA under the disparate treatment theory of liability, Plaintiff "must first establish a prima facie case of discrimination. If [he does so], the burden then shifts to [Defendants] to articulate a legitimate nondiscriminatory reason for its employment decision. Then, in order to prevail, [Plaintiff] must demonstrate that [Defendants'] alleged reason for the adverse employment decision is a pretext for another motive which is discriminatory." Wallis v. J.R.

Simplot Co., 26 F.3d 885, 889 (9th Cir.1994). Despite the burden shifting, the ultimate burden of proof remains always on the former employee to show that the employer intentionally discriminated because of his/her age. Rose v. Wells Fargo & Co., 902 F.2d 1417, 1420-21 (9th Cir.1990).

While summary judgment should be used prudently in ADEA cases involving motivation and intent, Rose, 902 F.2d at 1420, the establishment of a prima facie case based on the minimum evidence necessary to raise a presumption of discrimination does not preclude summary judgment. Wallis, 26 F.3d at 890-91; Lindahl v. Air France, 930 F.2d 1434, 1437 (9th Cir.1991) ("[A] plaintiff cannot defeat summary judgment simply by making out a prima facie case."). Plaintiff "must do more than establish a prima facie case and deny the credibility of defendant's witnesses." Schuler v. Chronicle Broadcasting Co., Inc., 793 F.2d 1010, 1011 (9th Cir.1986). "In response to defendant's offer of nondiscriminatory reasons, plaiantiff must produce 'specific, substantial evidence of pretext.' " Wallis, 26 F.3d at 890 (quoting Steckl v. Motorola, Inc., 703 F.2d 392, 393 (9th Cir.1983)). To survive summary judgment, the burden is on plaintiff to "produce enough evidence to allow a reasonable fact finder to conclude either: (a) that the alleged reason for [his] discharge was false, or (b) that the true reason for his discharge was a discriminatory one." Nidds, 113 F.3d at 918.

Washington State law against age discrimination is codified at RCW 49.60.180, wherein it makes it unlawful for any employer to . . . discriminate against any person in compensation or in other terms or conditions of employment because of age . . . .   At RCW 49.44.090 the code prohibits an employer from terminating an employee because they are 40 years of age or older. Plaintiff must initially show that (a) he was 40 years of age or older, (b) that he was qualified for the employment position in question, (c) that he suffered an adverse employment decision, and (d) that he was replaced by someone outside the protected class.

With regard to plaintiff's disparate treatment claim he must show that he was in the protected age class and treated less favorably that similarly situated non-protected employee in the terms and conditions of his employment.

## DISCUSSION

### A.     *Plaintiff's Prima Facie Case*.

Plaintiff clearly demonstrates that he is in the protected age class and was terminated from his employment while in that age class. It is undisputed that he was replaced by a younger person, though over the age of 40. Although he alleges that he was performing his duties in a satisfactory matter the issue is disputed, and defendant has the burden of establishing that the termination was for legitimate

nondiscriminatory reasons. With regard to the disparate treatment claim, plaintiff was one of seven production supervisors. Four were older than plaintiff; two were younger. Plaintiff acknowledges that the four production supervisors older than he were not discriminated against or terminated because of age (Dep. of plaintiff, pp.128, line 15 – pp.129, line 14). His only explanation for his being terminated and their not being terminated is that he was still being paid the higher salary of a Maintenance Manager. There is no evidence to suggest that the Maintenance Manager's salary was higher because of age or longevity, as opposed to experience or other factors.

### B.     *Plaintiff Was Dismissed For Legitimate Nondiscriminatory Reasons*

Plaintiff began working for Georgia-Pacific in 1968. In 1983 he transferred to the box plant in Olympia and worked as a supervisor in the Converting Department. In 1984 he moved to the Maintenance Department, where he was the Manager until 2000. Based on performance issues plaintiff was reassigned in August of 2000 to the Production Department as a Production Supervisor. The company continued plaintiff at the same pay scale. Although plaintiff wished to return to his position with the Maintenance Department, he was advised that the decision to move him would not be revisited. Production Supervisors are supervised by the Production Superintendent. Susan McLaughlin was the Production Superintendent from 2000 until the spring of 2002. She was succeeded by Dave Grim. Mr. Grim reported to Plant Manager Travis Dawson, who reported to the General Manager, Scott White. During Ms. McLaughlin's period of supervising plaintiff, there were ongoing performance reviews and attempts to assist plaintiff in meeting performance expectations. On November 20, 2001 plaintiff received a one-day suspension based on poor production performance. In March of 2002 when David Grim assumed the supervisory role, he decided to give all those under him a fresh start. For safety reasons Mr. Grim trained each of the supervisors how to complete quarterly lockout/tagout verifications for each crew member. This essentially involved monitoring employees compliance with safety procedures when they shut down the machinery. Plaintiff admits to receiving a verbal warning in July of 2002 because he was not meeting company standards. On or about August 29, 2002 plaintiff received a written corrective action. Plaintiff clearly understood that the company had certain expectations that if not met could result in his termination. In his deposition he characterized the August 29, 2002 summary as "fair" (Plaintiff's Deposition of plaintiff pp. 86, line 19 – pp.88, line 20).

### C.     *Pretrext*.

The record discloses no evidence (direct or circumstantial) of any ageist remarks, policies, or actions

with regard to the plaintiff or his fellow workers. To suggest that his co-workers were not disciplined and that he did not receive other positions he applied for rises to the level of age discrimination begs the question of the quality of his own work product, and his own qualifications. These allegations of pretext in no way suggest age discrimination.

      The court finds that the defendant has well-articulated a legitimate non-discriminatory reason(s) for terminating the plaintiff, and that the plaintiff's evidence of pretext does not rise to the level upon which reasonable minds could differ. Accordingly defendant's motion for Summary Judgment is granted.

Dated this 11th day of April, 2007.

*/s/ J. Kelley Arnold*
------------------------------
J. Kelley Arnold, U.S. Magistrate Judge